FRED W. DALY, JR., AND ALBA M. DALY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Daly v. Commissioner
Docket No. 721-80.
United States Tax Court
T.C. Memo 1982-59; 1982 Tax Ct. Memo LEXIS 683; 43 T.C.M. (CCH) 471; T.C.M. (RIA) 82059; February 10, 1982. Fred W. Daly, Jr., pro se. Diane L. Worland, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined the following deficiencies in Federal income tax and additions to tax against petitioners: Addition to Tax
Taxable Year
Deficiency in Tax
Sec. 6653(a) [1]
1975
$ 1,533.83
$ 76.69
1976
1,345.40
67.27
1977
1,602.00
80.10
Some of the adjustments made by the Commissioner in his statutory notice of deficiency have been conceded by petitioners. The issues remaining for decision are the deductibility of charitable contributions and liability for the additions to tax under section 6653(a). FINDINGS OF FACT Some of the facts have *684 been stipulated. The stipulation of facts and attached exhibits are incorporated by reference. Petitioners, husband and wife, filed joint Federal income tax returns with the Internal Revenue Service Center in Memphis, Tennessee, for the taxable years 1975, 1976 and 1977. They resided at Mishawaka, Indiana, when they filed their petition in this case. On their income tax return for the taxable year 1975 petitioners claimed a deduction for charitable contributions of cash to the Universal Life Church, Inc., in the amount of $ 8,219.09 with the following explanation: "Universal Life Church, Inc., church, United Fund & other charities not counted over 50%." In addition, under the section entitled "Miscellaneous Deductions" on the same schedule of the return, petitioners inserted, "Church Expenses given to Universal Life Church listed but not counted here as it is listed above on line 21… $ 8,219.09." On their income tax return for the taxable year 1976 petitioners claimed a deduction for charitable contributions of cash to unspecified donees in the amount of $ 8,016.40. In addition, under the section entitled "Miscellaneous Deductions" on the same schedule of the return, petitioners *685 inserted the following explanation: "Church expenses given to Universal Life Church listed but not counted here as it is listed on line 24 above as contribution instead of using form 2106… $ 8,016.40." On their income tax return for the taxable year 1977 petitioners claimed a deduction for charitable contributions of cash in the amount of $ 8,610.35 to unspecified donees and of $ 50 to the Boy and Girl Scouts and United Way with the notation, "not added in." In addition, under the section entitled "Miscellaneous Deductions" on the same schedule of the return, petitioners inserted, "Church expenses given to Universal Life Church listed but not counted here as it is listed on line 21 as a contribution instead of using form 2106… $ 8,610.35." The Commissioner mailed a statutory notice of deficiency to petitioners in which he disallowed the deductions they claimed for charitable contributions for the taxable years 1975, 1976, and 1977 in the respective amounts of $ 8,219.09, $ 8,016.40 and $ 8,610.35 on the grounds that it was not established that such contributions were paid or that they met the requirements of section 170 of the Code. He also determined that petitioners were *686 liable for the addition to tax under section 6653(a) of the Code for each of the years in issue. OPINION Petitioners bear the burden of proving that they are entitled to the deductions they claimed for charitable contributions. . The only evidence which petitioners introduced at trial were printed letters purporting to be receipts from Universal Life Church, Inc., of Modesto, California, stating that petitioners contributed the following amounts to the church: Year
Amount
1975
$ 8,219.09
1976
7,911.00
1977
8,016.40
Respondent objected to the admission of the documents into evidence on the grounds that they constituted hearsay and we sustained the objection. Although it is obvious that the purported receipts are hearsay and are not admissible, we point out that even if they were received into evidence we would have some doubt about their probative value. The purported receipt for 1977 reflects contributions of $ 8,016.40 which is the amount that petitioners deducted in 1976. The purported receipt for 1976 reflects contributions of $ 7,911, which is neither the amount claimed for 1976 ($ 8,016.40) *687 nor for 1977 ($ 8,610.35). In addition, as detailed above in the findings of fact, the income tax returns indicate that the contributions were made for expenses of the church and the purported receipts do not reflect any such characterization. There being no evidence to support petitioners' deductions for charitable contributions, they must be denied. Petitioners offered no evidence to show that the underpayments of their income taxes for the years 1975, 1976 and 1977 did not result from negligence or intentional disregard of the rules and regulations. Accordingly, the additions to tax under section 6653(a) are sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩